FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2009 OCT -2 P 1: 48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

MARIANNE DEANGELIS

     Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a
Pennsylvania corporation.

     Defendant.

_____/

CASE NO.: 3:09-cv-996J-25TEM

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MARIANNE DEANGELIS, by and through undersigned counsel, and files this Complaint against the Defendant, NCO FINANCIAL SYSTEMS, INC., and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201

et seq. of the Florida Statutes, by the Defendant and its agents in their illegal
efforts to collect a consumer debt from Plaintiff.

3.   Venue is proper in this District because the acts and transactions occurred here,
     Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.   Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida
     and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections
     559.55(2) and 501.203(7), Fla. Stat.

5.   Defendant, NCO Financial Systems Inc. (hereinafter "Defendant") is a collection
     agency operating from an address of 507 Prudential Road, Horsham, PA 19044,
     and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and
     Section 559.55(6).

## FACTUAL ALLEGATIONS

6.   Plaintiff incurred a financial obligation that was primarily for personal, family or
     household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.
     § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a debt to Belk, which was
     used by Plaintiff for personal, family and household purchases.

7.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to
     Defendant NCO for collection from this Plaintiff.

8.   On or about August, 2009 Defendant's representatives began to phone the
     Plaintiff regularly.

9.   On August 30, 2009, Plaintiff informed Defendant's representatives that she had
     retained an attorney and gave the representative the attorney's contact

information. Plaintiff then asked that she not be contacted directly by Defendant or any of it's representatives. Defendant's representatives insisted that they would continue to phone the Plaintiff until she confirmed a bankruptcy filing.

10. To date, Defendant has continued to harass and telephone Plaintiff despite being informed that Plaintiff has retained legal counsel.

## *Summary*

11. All of the above-described collection actions and communications made to Plaintiff by Defendant and their employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(l0), and 1692f, amongst others, the FCCPA, including but not limited to Section 559.72(5), (6), and (9), and/or the FDUTPA.

12. During their collection communications, Defendant repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. §1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(l0), 1692e(11), and 1692f, amongst others.

13. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

14. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of

Plaintiff and caused her unnecessary personal strain in her relationship with her
fiancé, as well as with other family members.

15. Plaintiff has suffered actual damages as a result of these illegal collection
communications by the Defendant in the form of anger, anxiety, emotional
distress, fear, frustration, upset, humiliation, embarrassment, amongst other
negative emotions, as well as suffering from unjustified and abusive invasions of
personal privacy.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues
so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## **CLAIMS FOR RELIEF**

## COUNT I

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

17. Plaintiff incorporates by reference 1 – 16 of the above paragraphs of this
Complaint as though fully stated herein.

18. The foregoing acts and omissions of Defendant and their agents constitute
numerous and multiple violations of the FDCP A including, but not limited to,
each and everyone of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692
et seq., with respect to Plaintiff.

19. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual
damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up

to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

### Section 559.55 et seq., Fla. Stat.

20. Plaintiff incorporates by reference 1 – 19 of the paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of  Defendant and their agents constitute numerous and multiple violations of the FCCPA including, but not limited to, violation of Section 559.72(9), with respect to Plaintiff.

22. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

23. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## COUNT III

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### Section 501. et  seq., Fla. Stat.

24. Plaintiff incorporates by reference 1 - 23 of the paragraphs of this Complaint as though fully stated herein.

25. This is an action for damages and an injunction for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against Defendant in the attempted co collection of debt.

26. At all times relevant to this Complaint, Defendant was engaged in the business of debt collection.

27. The alleged debt in this cause is a "consumer transaction" within the scope of the FDUTPA.

28. In engaging in the conduct more specifically described in the Factual Allegations above, Defendant committed deceptive and unfair trade practices in connection with attempting collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## COUNT I

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff s credit report; and

- for such other relief as this Court deems just and proper.

## COUNT III

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### Section 501.201 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 501.211 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 501.211 against Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff s credit report; and for such other relief as this Court deems just and proper.

COLLINS & STORY, P.A.

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Attorney for Plaintiff